# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

*Plaintiff*,

Vs.                                              Case No. 25-cv-

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530

U.S. DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, NW
Washington, DC 20220

*Defendants*.

---

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation ("DFF") brings this action against Defendants U.S. Department of Justice ("DOJ") and U.S. Department of the Treasury ("Treasury") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper under 28 U.S.C. § 1391(e), as Defendants' headquarters are located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

3.      Plaintiff Democracy Forward Foundation ("DFF") is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4.      Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. The Office of Information Policy ("OIP"), Civil Division ("CIV"), Criminal Division ("CRM"), Justice Management Division ("JMD"), Executive Office of U.S. Attorneys ("EOUSA"), and the Federal Bureau of Investigation ("FBI") are components of DOJ. OIP processes FOIA requests for DOJ leadership offices. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant Treasury is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. The Bureau of the Fiscal Service ("BFS") is a component of Treasury. Treasury has possession, custody, and control of records to which Plaintiff seeks access.

**Facts**

6.      President Trump has submitted two Federal Tort Claims Act ("FTCA") complaints to DOJ requesting payment of roughly $230 million arising from federal investigations into his past actions.[1]

7.      According to public reporting, DOJ attorneys, including some who previously represented President Trump or other subjects during the underlying investigations, are

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases,* N.Y. Times (Oct. 21, 2025), https://perma.cc/68FZ-EQJE.

considering administratively settling these FTCA claims and paying the president significant sums.[2]

8.      On October 23, 2025, DFF filed several FOIA requests to shed light on the actions of the Defendants in relation to these FTCA claims submitted by President Trump.

9.      Subsequently, on November 19, 2025, DFF sent a letter requesting expedited processing to OIP, CIV, CRM, JMD, and EOUSA based on the widespread media attention on this matter. Exhibit 1.

*Payments Request (OIP, CIV, CRM, JMD, Treasury's BFS)*

10.      On October 23, 2025, DFF sent a FOIA request to DOJ's OIP, CIV, CRM, and JMD, and Treasury's BFS seeking the following:

> All records reflecting payments made by DOJ, Treasury, or another part of the U.S. Government to President Trump on the basis of claims of liability from January 20, 2025, until the date of the search.
>
> This would include records reflecting such payments, as well as records reflecting DOJ and/or Treasury approval of settlement payments.

11.      On October 23, 2025, BFS acknowledged this request and assigned it tracking number 2026-FSF-00028.

12.      On November 17, 2025, JMD acknowledged this request and assigned it tracking number 138298.

13.      On December 5, 2025, OIP acknowledged this request and assigned it tracking number FOIA-2026-00162.

14.      DFF has not received any further communication from BFS, JMD, or OIP regarding this request.

---

[2] *Id.*

15.    CIV and CRM have not acknowledged this request.

*Claims Submitted Request (OIP, CIV, CRM, EOUSA, FBI)*

16.    On October 23, 2025, DFF sent a FOIA request to OIP, CIV, CRM, EOUSA, and FBI seeking the following:

(1) The Standard Form 95 or other Federal Tort Claims Act ("FTCA") claim submitted by or on behalf of President Trump seeking damages for a number of purported violations of his rights, including but not limited to the FBI and special counsel investigation into Russian election tampering and possible connections to the 2016 Trump campaign[3]. [FN in original]

(2) The Standard Form 95 or other FTCA claim submitted by or on behalf of President Trump accusing then-attorney general Merrick B. Garland, then-FBI director Christopher A. Wray, and then-special counsel Jack Smith of "harassment" intended to sway the electoral outcome.[4] [FN in original]

17.    The request further clarified:

Democracy Forward Foundation expects this request for a set of readily identifiable records regarding a high-profile matter will be assigned to the Simple processing track.

18.    This request sought records from August 1, 2023, through the date of the search.

19.    On October 30, 2025, FBI acknowledged this request with a letter dated October 28, 2025 and assigned it tracking number 1695935-000.

20.    On November 5, 2025, FBI responded to this request and withheld in full responsive materials pursuant to 5 U.S.C. § 552 (b)(5) and 5 U.S.C. § 552a (d)(5). A copy of the FBI's response is attached as Exhibit 2. On November 13, 2025, DFF appealed the FBI's response on the basis that the reliance of 5 U.S.C. § 552 (b)(5) is improper and the Privacy Act exemption

---

[3] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.

[4] For further identifying information *see id*.

5 U.S.C. § 552a (d)(5) does not justify withholding under FOIA. A copy of DFF's appeal is attached as Exhibit 3. On November 20, 2025, DFF received an acknowledgement of this appeal and it was assigned tracking number A-2026-00107. DFF has not received a determination responding to this appeal.

21.     On November 18, 2025, EOUSA acknowledged this request and assigned it tracking number EOUSA-2026-000043.

22.     On December 9, 2023, OIP acknowledged this request and assigned it tracking number FOIA-2026-00163.

23.     DFF has not received any further communication from EOUSA or OIP regarding this request.

24.     CIV and CRM have not acknowledged this request.

*Ethics and Recusals Request (OIP and JMD)*

25.     On October 23, 2025, DFF sent a FOIA request to OIP and JMD seeking the following:

> (1) Records reflecting any recusals in possession of the DOJ for Deputy Attorney General Todd Blanche.

> (2) Records reflecting any recusals in possession of the DOJ for Associate Attorney General Stanley Woodward, Jr.

> (3) Any ethics guidance provided by career DOJ ethics attorneys to Deputy Attorney General Todd Blanche or Associate Attorney General Stanley Woodward, Jr., regarding their involvement in reviewing, discussing, or approving any potential payment to President Trump in compensation for the federal investigations into him.

> (4) Any records reflecting any designation made for DOJ officials other than the Deputy Attorney General, the Associate Attorney General, or the Assistant Attorney General of the Civil Division to approve settlements of claims greater than $4 million.

26.     This request sought records from January 20, 2025, through the date of the search.

27. On November 17, 2025, JMD acknowledged this request and assigned it tracking number 138299.

28. On December 5, 2025, OIP acknowledged this request and assigned it tracking number FOIA-2026-00165.

29. DFF has not received any further communication from JMD or OIP regarding this request.

### Civil Division Communications Request

30. On October 23, 2025, DFF sent a FOIA request to CIV seeking the following:

> All records reflecting communications (including emails, text messages, calendar entries, and summaries of oral communications) between (a) Assistant Attorney General Brett Shumate, Torts Branch Director James G. Touhey, or anyone communicating on their behalf such as a Chief of Staff, scheduler, or assistant, and (b) the external individuals or entities listed below:
>
> External Entities
>     a. Chris Kise
>     b. James Trusty
>     c. Susan Necheles
>     d. Jay Neveloff
>     e. Any counsel communicating on behalf of President Trump in connection with the Standard Form 95s or or [sic] other Federal Tort Claims Act ("FTCA") claims submitted by or on behalf of President Trump
>     f. Anyone communicating on behalf of the White House (including but not limited to communications from email addresses ending in @who.eop.gov)

31. This request sought records from June 11, 2025, through the date of the search.

32. CIV has not acknowledged this request.

### OIP Communications Request

33. On October 23, 2025, DFF sent a request to OIP seeking the following:

(1) All records reflecting communications (including emails, texts or messages on messaging platforms such as Signal, direct messages on social media platforms such as Truth Social or X, calendar entries, and summaries of oral communications) between (a) the DOJ officials listed below, and (b) the external individuals or entities listed below:

    DOJ Officials:
    A. Attorney General Pam Bondi, or anyone communicating on behalf of Ms. Bondi, such as a Chief of Staff, assistant, or scheduler
    B. Deputy Attorney General Todd Blanche, or anyone communicating on behalf of Mr. Blanche, such as a Chief of Staff, assistant, or scheduler
    C. Associate Attorney General Stanley Woodward Jr., or anyone communicating on behalf of Mr. Woodward, such as a Chief of Staff, assistant, or scheduler
    D. Associate Deputy Attorney General Ketan Bhirud
    E. Associate Deputy Attorney General Aakash Singh
    F. Associate Deputy Attorney General Jordan Fox

    External Entities:
    a. Chris Kise
    b. James Trusty
    c. Susan Necheles
    d. Jay Neveloff
    e. Any counsel communicating on behalf of President Trump in connection with the Standard Form 95s or or [sic] other Federal Tort Claims Act ("FTCA") claims submitted by or on behalf of President Trump
    f. Anyone communicating on behalf of the White House (including but not limited to communicating from email addresses ending in @who.eop.gov)

(2) All records reflecting communications (including emails, texts or messages on messaging platforms such as Signal, direct messages on social media platforms such as Truth Social or X, calendar entries, and summaries of oral communications) of the custodians in Item 1 regarding the involvement of Deputy Attorney General Todd Blanche or Associate Attorney General Stanley Woodward, Jr. in President Trump's claims seeking damages for a number of

> purported violations of his rights, including but not limited to the FBI
> and special counsel investigation into Russian election tampering and
> possible connections to the 2016 Trump campaign.

34.     This request sought records from January 20, 2025, through the date of the search.

35.     On December 11, 2025, OIP acknowledged this request and assigned it tracking number FOIA-2026-00164.

36.     DFF has not received any further communication from OIP regarding this request.

*Exhaustion of Administrative Remedies*

37.     As of the date of the Complaint, Defendants have failed to notify DFF of determinations regarding DFF's requests and appeal. Through Defendants' failure to respond within the time limits required by law, DFF has constructively exhausted administrative remedies.

**CLAIM FOR RELIEF**
**Count 1 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(iv))**

38.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

39.     By failing to grant expedited processing under 28 C.F.R. § 16.5(e)(1)(iv), Defendants have violated the FOIA and their regulations for this matter involving exceptional and widespread media interest concerning questions of governmental integrity that affect public confidence.

**CLAIM FOR RELIEF**
**Count 2 (Violation of FOIA, Failure to Issue Determinations and Promptly Produce Non-Exempt Records, 5 U.S.C. § 552)**

40.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

41.     By failing to respond to Plaintiff's requests and appeal with determinations and prompt productions of responsive records within the statutorily mandated time period, Defendants

have violated their duties under 5 U.S.C. § 552, including but not limited to, its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.  Order Defendants to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2.  Order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.  Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4.  Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

5.  Grant any other relief this Court deems appropriate.

Dated: December 15, 2025                    Respectfully submitted,

/s/ Anisha Hindocha
Anisha N. Hindocha
(Bar No. 1725159)
Daniel A. McGrath
(Bar No. 1531723)
Robin F. Thurston
(Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
rthurston@democracyforward.org
ahindocha@democracyforward.org

# Exhibit 1



November 19, 2025

**VIA Electronic Delivery**

Andrew Fiorillo
Acting Chief, Initial Request Staff
Office of Information Policy
441 G St NW, 6th Floor
Washington, DC 20530
DOJ.OIP.FOIA@usdoj.gov

Brian Flannigan
Chief, FOIA and Privacy Office
Civil Division
1100 L Street, NW, Room 8400
Washington, DC 20530-0001
Civil.routing.FOIA@usdoj.gov

Christina Butler
Chief, FOIA/PA Unit
Criminal Division
950 Constitution Ave., NW
Washington, DC 20530-0001
crm.foia@usdoj.gov

Dan Wagner
FOIA Contact
Justice Management Division
Room 1111 RFK,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
JMDFOIA@usdoj.gov

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States
Attorneys
175 N Street, N.E., Suite 5.400
Washington, DC 20530-0001
USAEO.FOIA.REQUESTS@usdoj.gov

**RE: Request for <u>Expedited</u> Processing for Recently Submitted Requests**

To FOIA Officials:

Democracy Forward Foundation ("DFF") is writing to request the Department of Justice ("DOJ") expedite the processing of the FOIA requests submitted on October 23, 2025 and attached herein in Appendix A.[1] These requests seek records and communications related to President Trump's Federal Torts Claim Act ("FTCA") claims and reporting that DOJ attorneys, including some who previously represented President Trump or other subjects during the underlying investigations, are considering administratively settling these FTCA claims and paying the president significant sums.

---

[1] Many of these requests have not been acknowledged by their DOJ component recipients. However available tracking numbers include 2472581 (JMD), EOUSA-2026-000042 (EOUSA), EOUSA-2026-000043 (EOUSA), and 2472651 (JMD).

DFF's requests merit expedited processing because the requests concern a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," *see* 28 C.F.R. § 16.5(e)(1)(iv).

## I. DFF's requests concern a matter attracting exceptional media interest in which there exist possible government integrity questions that affect public confidence.

To qualify for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv), the Department of Justice has interpreted subsection (iv) to require that "the same matter that draws widespread and exceptional media interest must be the matter in which there exists possible questions about the government's integrity that affect public confidence." *Am. Oversight v. U.S. Dep't of Just.*, 292 F. Supp. 3d 501, 506 (D.D.C. 2018). DFF's FOIA requests satisfy both criteria.

### A. DFF's requests concern a matter attracting widespread and exceptional media interest.

The focus of DFF's FOIA requests, records that relate to the possibility of paying President Trump a significant sum in connection with his FTCA claims, has garnered extraordinary attention from the American public, Congress, and the press since it came to light only a few weeks ago.[2]

---

[2] Relevant articles are provided in this footnote and additionally throughout this request. *See, e.g.*, Devlin Barrett and Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases,* N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html; Sam Jenson, *Why Trump's $230 Million Claim Exposes a Gap in Settlement Rules for Presidents,* Independent Institute (Nov. 12, 2025), https://www.independent.org/article/2025/11/12/trump-230-million-claim-settlement-president/; Sam Levine, *Trump's 'absurd' DoJ compensation bid would be rejected if he were anyone else, experts say,* The Guardian (Oct. 29, 2025), https://www.theguardian.com/us-news/2025/oct/29/trump-justice-department-230m-legal-claims; Ella Lee, *Trump's $230M DOJ settlement bid likely has few legal backstops,* The Hill (Oct. 25, 2025), https://thehill.com/homenews/5572539-legal-experts-question-trump-settlement/; Hannah Rabinowitz *et al*, *What we know about Trump's bid to claim $230 million from his own Justice Department,* CNN (Oct. 22, 2025), https://www.cnn.com/2025/10/22/politics/trump-doj-request-230-mil-explained; Alanna Durkin Richer and Eric Tucker, *Trump says the government owes him a 'lot of money' over federal probes. Here's how he could be paid,* PBS News (Oct. 23, 2025), https://www.pbs.org/newshour/politics/trump-says-the-government-owes-him-a-lot-of-money-over-federal-probes-heres-how-he-could-be-paid; Alexander Mallin and Katherine Faulders, *Here's what Trump has said about seeking $230M settlement from DOJ,* ABC News (Oct. 22, 2025), https://abcnews.go.com/US/trump-seeking-230m-settlement-doj/story?id=126772259; Jay Willis, *Why Trump Expects the Justice Department to Cut Him a Quarter-Billion-Dollar Check,* Balls and Strikes (Oct. 23, 2025), https://ballsandstrikes.org/law-politics/trump-justice-department-ftca-claims/; Perry Stein, *Trump has claimed millions from the government. He could order payment.,* Wash. Post (Oct. 21, 2025), https://www.washingtonpost.com/national-security/2025/10/21/trump-claims-payment/; Alexander Mallin, *et al, Trump wants DOJ to pay him $230 million for previous investigations: Sources,* ABC News (Oct. 21, 2025), https://abcnews.go.com/US/trump-doj-pay-230-million-previous-investigations-sources/story?id=126731700; Matt Naham, *DOJ will have to 'justify' and explain potential $230M Trump payday in 'public document': Legal ethics expert,* Law & Crime (Oct. 22, 2025), https://lawandcrime.com/high-profile/doj-will-have-to-justify-and-explain-230m-trump-payday-law-professor-says/;

DOJ and its administrative processes are under intense scrutiny after it was revealed that President Trump submitted two FTCA claims demanding roughly $230 million in damages in relation to investigations conducted against him in past years, and that DOJ is considering administratively settling these claims.[3] Because any FTCA settlement over $4 million must be approved by senior DOJ officials, his claims would land on the desk of Deputy Attorney General Todd Blanche, who previously served as Trump's personal defense lawyer, and Associate Attorney General Stanley Woodward Jr., who represented others implicated in one of these investigations, intensifying ethics concerns.[4] President Trump has publicly acknowledged the absurd optics of the situation, saying, "that decision would have to go across my desk… it's awfully strange to make a decision where I'm paying myself."[5] Legal experts have characterized the claim as legally tenuous and have voiced skepticism regarding the massive scope of the demand, and have cautioned that this situation could establish a harmful precedent, particularly because of the significant personal and professional ties between Trump and the DOJ leadership responsible for reviewing his request [6]

The above sampling of media reports clearly demonstrates that this issue has attracted widespread and exceptional media interest, highlighting the pressing need for expedited processing of DFF's related FOIA requests.

## B. There exist in these media reports questions about the government's integrity that affect public confidence.

Moreover, the widespread media reporting on the government's handling of this matter implicates multiple questions about the government's integrity, including:

1) How can the Justice Department impartially process and potentially approve a $230 million compensation claim from President Trump when the senior officials who would authorize it (a) are accountable to him and could be fired for disapproving, and (b) previously represented him and his co-defendants as defense lawyers?

---

Mary McCue Bell, *House Democrats urge Justice Dept. to reject $230 million settlement request for Trump,* The Wash. Times (Oct. 28, 2025), https://www.washingtontimes.com/news/2025/oct/28/house-democrats-urge-doj-reject-230-million-settlement-reque st-trump/.
[3] Barrett and Pager, *supra* note 1,
[4] Jenson, *supra* note 1.
[5] Marc Caputo, *Trump sought $230M from DOJ to settle past investigations of him,* Axios (Oct. 21, 2025), https://www.axios.com/2025/10/21/trump-justice-department-payment-investigations.
[6] Levine, *supra* note 1.

2) Does a large payout from the executive branch to the sitting President violate the Constitutional prohibition on the President receiving any "other Emolument" from the United States beyond his salary?[7]

The government's actions have plainly sparked concerns that affect the public's confidence in the government's handling of this matter because of questions above concerning the government's integrity have been posed in media reports mentioned in this expedition request. Members of Congress have also raised concerns about the government's integrity on this matter.[8] All of the above highlights the considerable concerns about government integrity and that further scrutiny is expected.

## II.    Conclusion

In sum, the release of federal records related to this matter are of critical importance. The American public desires to know more about the matter and the Administration's actions regarding it. Especially if it has deliberately attempted to mislead the American public. Given the compelling need for disclosing such information, Democracy Forward Foundation seeks expedited processing for our requests submitted on October 23, 2025.

I certify to the best of my knowledge and belief that the above is accurate and expedited processing is warranted in this matter.

Sincerely,

*/s/ Skye Perryman*
President and CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

[7] Norman Eisen, *Trump's $230 Million Heist Is Unconstitutional,* The Contrarian (Oct. 25, 2025), https://contrarian.substack.com/p/trumps-230-million-heist-is-unconstitutional.

[8] Jamie Raskin and Robert G. Garcia, Letter to the Hon. Donald J. Trump, President of the United States, Oct. 23, 2025, House Comm. on the Judiciary & House Comm. on Oversight & Government Reform, https://democrats-judiciary.house.gov/sites/evo-subsites/democrats-judiciary.house.gov/files/evo-media-document/2025-10-23.raskin-garcia-to-trump-wh-re-doj-payment-demand.pdf; Press Release, Sen. Adam Schiff, "Sen. Schiff to Introduce Bill to Block Donald Trump from Getting $230 Million Taxpayer Payout from Justice Department" (Nov. 13, 2025), https://www.schiff.senate.gov/news/press-releases/news-sen-schiff-to-introduce-bill-to-block-donald-trump-from-getting-230-million-taxpayer-payout-from-justice-department/.

# Appendix 1
# Submitted Requests



October 23, 2025

**VIA Electronic Delivery**

Andrew Fiorillo
Acting Chief, Initial Request Staff
Office of Information Policy
441 G St NW, 6th Floor
Washington, DC 20530
Via Online Portal

Brian Flannigan
Chief, FOIA and Privacy Office
Civil Division
1100 L Street, NW, Room 8400
Washington, DC 20530-0001
Civil.routing.FOIA@usdoj.gov

Christina Butler
Chief, FOIA/PA Unit
Criminal Division
950 Constitution Ave., NW
Washington, DC 20530-0001
crm.foia@usdoj.gov

Dan Wagner
FOIA Contact
Justice Management Division
Room 1111 RFK,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
JMDFOIA@usdoj.gov

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States
Attorneys
175 N Street, N.E., Suite 5.400
Washington, DC 20530-0001
Via Online Portal

Michael G. Seidel, Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
200 Constitution Drive
Winchester, VA 22602
Via Online Portal

Department of Treasury
Bureau of the Fiscal Service
Attn: FOIA Disclosure Office/Room 508B
3201 Pennsy Drive, Building E.
Landover , MD 20785
Via FOIA.gov

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, Democracy Forward
Foundation submits this request for records.

DFF-MULTI-25-1429-1435

President Trump is reportedly attempting to obtain $230 million in compensation for federal investigations into him from the Department of Justice while he serves as President.[1] The matter raises grave ethical concerns both for President Trump personally and for Deputy Attorney General Todd Blanche, who previously served as Trump's personal defense attorney and may now be involved in reviewing or approving the claim. Public transparency is essential to shed light on this stunning and unprecedented potential breach of ethical safeguards.

***Records Requested***

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ") and Department of the Treasury ("Treasury")  produce the following within twenty (20) business days:

> All records reflecting payments made by DOJ, Treasury or another part of the U.S. Government to President Trump on the basis of claims of liability from January 20, 2025, until the date of the search.

This would include records reflecting such payments, as well as records reflecting DOJ and/or Treasury approval of settlement payments.

***Scope of Search***

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be  withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in  an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document  include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S.  Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the  appropriate entity.

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

### Request for Fee Waiver

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, Democracy Forward Foundation  requests a waiver of all fees associated with processing records for this request. FOIA requires  documents to be furnished to requesters at no fee or reduced fees when "if disclosure of the  information is in the public interest because it is likely to contribute significantly to public  understanding of the operations or activities of the government and is not primarily in the  commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, see id., or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF has a demonstrated ability to disseminate information of public interest requested through FOIA, and intends to publicize records DFF receives that contribute significantly to the public's understanding in $230 million in compensation currently being pursued by President Trump

from the Justice Department. When DFF obtains materials through FOIA requests that are of significant public interest, DFF's communications staff regularly works to ensure that these materials and their contents are featured in press articles educating the public about the operation of government; many articles feature additional commentary and analysis from DFF staff about those materials and their relevance to policy issues of public interest. Indeed, records received by DFF have previously formed the basis of news reports.[2]

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for

---

[2] *See, e.g.,* Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan zinke-interior-department-helicopters-wildfires-757857.

searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### *Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

# DEMOCRACY
# FORWARD▶

October 23, 2025

**VIA Electronic Delivery**

Andrew Fiorillo
Acting Chief, Initial Request Staff
Office of Information Policy
441 G St NW, 6th Floor
Washington, DC 20530
Via Online Portal

Brian Flannigan
Chief, FOIA and Privacy Office
Civil Division
1100 L Street, NW, Room 8400
Washington, DC 20530-0001
Civil.routing.FOIA@usdoj.gov

Christina Butler
Chief, FOIA/PA Unit
Criminal Division
950 Constitution Ave., NW
Washington, DC 20530-0001
crm.foia@usdoj.gov

Dan Wagner
FOIA Contact
Justice Management Division
Room 1111 RFK,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
JMDFOIA@usdoj.gov

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States
Attorneys
175 N Street, N.E., Suite 5.400
Washington, DC 20530-0001
Via Online Portal

Michael G. Seidel, Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
200 Constitution Drive
Winchester, VA 22602
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, Democracy Forward
Foundation submits this request for records.

President Trump is reportedly attempting to obtain $230 million in compensation for federal

DFF-MULTI-DOJ-25-1436-1441

investigations into him from the Department of Justice while he serves as President.[1] The matter raises grave ethical concerns both for President Trump personally and for Deputy Attorney General Todd Blanche, who previously served as Trump's personal defense attorney and may now be involved in reviewing or approving the claim. Public transparency is essential to shed light on this stunning and unprecedented potential breach of ethical safeguards.

### Records Requested

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ") produce the following within twenty (20) business days:

1. The Standard Form 95 or other Federal Tort Claims Act ("FTCA") claim submitted by or on behalf of President Trump seeking damages for a number of purported violations of his rights, including but not limited to the FBI and special counsel investigation into Russian election tampering and possible connections to the 2016 Trump campaign.[2]

2. The Standard Form 95 or other FTCA claim submitted by or on behalf of President Trump accusing then-attorney general Merrick B. Garland, then-FBI director Christopher A. Wray, and then-special counsel Jack Smith of "harassment" intended to sway the electoral outcome.[3]

   Democracy Forward Foundation expects this request for a set of readily identifiable records regarding a high-profile matter will be assigned to the Simple processing track.

   This request seeks records from August 1, 2023 until the date of the search.

### Scope of Search

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.
[2] For further identifying information *see id.*
[3] *See id.*

both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the  appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

### *Request for Fee Waiver*

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, Democracy Forward Foundation  requests a waiver of all fees associated with processing records for this request. FOIA requires  documents to be furnished to requesters at no fee or reduced fees when "if disclosure of the  information is in the public interest because it is likely to contribute significantly to public  understanding of the operations or activities of the government and is not primarily in the  commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, see id., or whether the requester has a history of "contacts with any major news[] companies" that

suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF has a demonstrated ability to disseminate information of public interest requested through FOIA, and intends to publicize records DFF receives that contribute significantly to the public's understanding in $230 million in compensation currently being pursued by President Trump from the Justice Department. When DFF obtains materials through FOIA requests that are of significant public interest, DFF's communications staff regularly works to ensure that these materials and their contents are featured in press articles educating the public about the operation of government; many articles feature additional commentary and analysis from DFF staff about those materials and their relevance to policy issues of public interest. Indeed, records received by DFF have previously formed the basis of news reports.[4]

---

[4] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on policy;
 Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire*

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### Conclusion

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

*preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan zinke-interior-department-helicopters-wildfires-757857.



October 23, 2025

**VIA Electronic Delivery**

Andrew Fiorillo
Acting Chief, Initial Request Staff
Office of Information Policy
441 G St NW, 6th Floor
Washington, DC 20530
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, Democracy Forward
Foundation submits this request for records.

President Trump is reportedly attempting to obtain $230 million in compensation for federal
investigations into him from the Department of Justice while he serves as President.[1] The matter
raises grave ethical concerns both for President Trump personally and for Deputy Attorney
General Todd Blanche, who previously served as Trump's personal defense attorney and may
now be involved in reviewing or approving the claim. Public transparency is essential to shed
light on this stunning and unprecedented potential breach of ethical safeguards.

*Records Requested*

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ")
produce the following within twenty (20) business days:

1.  All records reflecting communications (including emails, texts or messages on messaging
    platforms such as Signal, direct messages on social media platforms such as Truth Social
    or X, calendar entries, and summaries of oral communications) between (a) the DOJ
    officials listed below, and (b) the external individuals or entities listed below:

    <u>DOJ Officials</u>

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y.
Times (Oct. 21, 2025),
https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.

   A.  Attorney General Pam Bondi, or anyone communicating on behalf of Ms. Bondi such as a Chief of Staff, assistant, or scheduler
   B.  Deputy Attorney General Todd Blanche, or anyone communicating on behalf of Mr. Blanche such as a Chief of Staff, assistant, or scheduler
   C.  Associate Attorney General Stanley Woodward Jr., or anyone communicating on behalf of Mr. Woodward such as a Chief of Staff, assistant, or scheduler
   D.  Associate Deputy Attorney General Ketan Bhirud
   E.  Associate Deputy Attorney General Aakash Singh
   F.  Associate Deputy Attorney General Jordan Fox

   <u>External Entities</u>
   a.  Chris Kise
   b.  James Trusty
   c.  Susan Necheles
   d.  Jay Neveloff
   e.  Any counsel communicating on behalf of President Trump in connection with the Standard Form 95s or or other Federal Tort Claims Act ("FTCA") claims submitted by or on behalf of President Trump[2]
   f.  Anyone communicating on behalf of the White House (including but not limited to communications from email addresses ending in @who.eop.gov)

2.  All records reflecting communications (including emails, texts or messages on messaging platforms such as Signal, direct messages on social media platforms such as Truth Social or X, calendar entries, and summaries of oral communications) of the custodians in Item 1 regarding the involvement of Deputy Attorney General Todd Blanche or Associate Attorney General Stanley Woodward, Jr. in President Trump's claims seeking damages for a number of purported violations of his rights, including but not limited to the FBI and special counsel investigation into Russian election tampering and possible connections to the 2016 Trump campaign.[3]

This request seeks records from January 20, 2025, until the date of the search.

### Scope of Search

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably

---

[2] For further identifying information *see id.*
[3] For further identifying information *see id.*

segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

### *Request for Fee Waiver*

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, Democracy Forward Foundation requests a waiver of all fees associated with processing records for this request. FOIA requires documents to be furnished to requesters at no fee or reduced fees when "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v.*

*Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, see id., or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF has a demonstrated ability to disseminate information of public interest requested through FOIA, and intends to publicize records DFF receives that contribute significantly to the public's understanding in $230 million in compensation currently being pursued by President Trump from the Justice Department. When DFF obtains materials through FOIA requests that are of significant public interest, DFF's communications staff regularly works to ensure that these materials and their contents are featured in press articles educating the public about the operation of government; many articles feature additional commentary and analysis from DFF staff about those materials and their relevance to policy issues of public interest. Indeed, records received by DFF have previously formed the basis of news reports.[4]

---

[4] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on policy;
 Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law*, ICE Listened, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018),

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### *Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan zinke-interior-department-helicopters-wildfires-757857.

DFF-MULTI-DOJ-OIP-25-1442



October 23, 2025

**VIA Electronic Delivery**

Andrew Fiorillo
Acting Chief, Initial Request Staff
Office of Information Policy
441 G St NW, 6th Floor
Washington, DC 20530
Via Online Portal

Dan Wagner
FOIA Contact
Justice Management Division
Room 1111 RFK,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
JMDFOIA@usdoj.gov

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, Democracy Forward Foundation submits this request for records.

President Trump is reportedly attempting to obtain $230 million in compensation for federal investigations into him from the Department of Justice while he serves as President.[1] The matter raises grave ethical concerns both for President Trump personally and for Deputy Attorney General Todd Blanche, who previously served as Trump's personal defense attorney and may now be involved in reviewing or approving the claim. Public transparency is essential to shed light on this stunning and unprecedented potential breach of ethical safeguards.

*Records Requested*

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ") produce the following within twenty (20) business days:

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.

DFF-MULTI-DOJ-25-1443-1444

1. Records reflecting any recusals in possession of the DOJ for Deputy Attorney General Todd Blanche.

2. Records reflecting any recusals in possession of the DOJ for Associate Attorney General Stanley Woodward, Jr.

3. Any ethics guidance provided by career DOJ ethics attorneys to Deputy Attorney General Todd Blanche or Associate Attorney General Stanley Woodward, Jr., regarding their involvement in reviewing, discussing, or approving any potential payment to President Trump in compensation for the federal investigations into him.

4. Any records reflecting any designation made for DOJ officials other than the Deputy Attorney General, the Associate Attorney General, or the Assistant Attorney General of the Civil Division to approve settlements of claims greater than $4 million.

This request seeks records from January 20, 2025, until the date of the search.

***Scope of Search***

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

### *Request for Fee Waiver*

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, Democracy Forward Foundation  requests a waiver of all fees associated with processing records for this request. FOIA requires  documents to be furnished to requesters at no fee or reduced fees when "if disclosure of the  information is in the public interest because it is likely to contribute significantly to public  understanding of the operations or activities of the government and is not primarily in the  commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, see id., or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF has a demonstrated ability to disseminate information of public interest requested through FOIA, and intends to publicize records DFF receives that contribute significantly to the public's understanding in $230 million in compensation currently being pursued by President Trump from the Justice Department. When DFF obtains materials through FOIA requests that are of significant public interest, DFF's communications staff regularly works to ensure that these materials and their contents are featured in press articles educating the public about the operation of  government; many articles feature additional commentary and analysis from DFF staff about those materials and their relevance to policy issues of public interest. Indeed,

records received by DFF have previously formed the basis of news reports.[2]

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### *Conclusion*

---

[2] *See, e.g.,* Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary  Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan zinke-interior-department-helicopters-wildfires-757857.

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043



October 23, 2025

**VIA Electronic Delivery**

Brian Flannigan
Chief, FOIA and Privacy Office
Civil Division
1100 L Street, NW, Room 8400
Washington, DC 20530-0001
Civil.routing.FOIA@usdoj.gov

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, Democracy Forward Foundation submits this request for records.

President Trump is reportedly attempting to obtain $230 million in compensation for federal investigations into him from the Department of Justice while he serves as President.[1] The matter raises grave ethical concerns both for President Trump personally and for Deputy Attorney General Todd Blanche, who previously served as Trump's personal defense attorney and may now be involved in reviewing or approving the claim. Public transparency is essential to shed light on this stunning and unprecedented potential breach of ethical safeguards.

*Records Requested*

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ") produce the following within twenty (20) business days:

> All records reflecting communications (including emails, text messages, calendar entries, and summaries of oral communications) between (a) Assistant Attorney General Brett Shumate, Torts Branch Director James G. Touhey, or anyone communicating on their behalf such as a Chief of Staff, scheduler, or assistant, and (b) the external individuals or entities listed below:
>
> <u>External Entities</u>

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.

   a. Chris Kise
   b. James Trusty
   c. Susan Necheles
   d. Jay Neveloff
   e. Any counsel communicating on behalf of President Trump in connection with the Standard Form 95s or or other Federal Tort Claims Act ("FTCA") claims submitted by or on behalf of President Trump
   f. Anyone communicating on behalf of the White House (including but not limited to communications from email addresses ending in @who.eop.gov)

This request seeks records from June 11, 2025, until the date of the search.

**Scope of Search**

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. §

552(a)(4)(A)(viii)(I).

***Request for Fee Waiver***

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, Democracy Forward Foundation  requests a waiver of all fees associated with processing records for this request. FOIA requires  documents to be furnished to requesters at no fee or reduced fees when "if disclosure of the  information is in the public interest because it is likely to contribute significantly to public  understanding of the operations or activities of the government and is not primarily in the  commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, see id., or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF has a demonstrated ability to disseminate information of public interest requested through FOIA, and intends to publicize records DFF receives that contribute significantly to the public's understanding in $230 million in compensation currently being pursued by President Trump from the Justice Department. When DFF obtains materials through FOIA requests that are of significant public interest, DFF's communications staff regularly works to ensure that these materials and their contents are featured in press articles educating the public about the operation of  government; many articles feature additional commentary and analysis from DFF staff about those materials and their relevance to policy issues of public interest. Indeed, records received by DFF have previously formed the basis of news reports.[2]

---

[2] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary  Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27,

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### Conclusion

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

---

2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan zinke-interior-department-helicopters-wildfires-757857.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

# Exhibit 2



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 5, 2025

MS. SKYE PERRYMAN
DEMOCRACY FORWARD FOUNDATION
POST OFFICE BOX 34553
WASHINGTON, DC 20043

FOIPA Request No.: 1695935-000
Subject: President Trump Lawsuit Against
Department of Justice

Dear Ms. Perryman:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. Material responsive to your request was located regarding civil suits and/or administrative claims. This material is exempt from disclosure in its entirety pursuant to Title 5, United States Code, Section 552, subsection (b)(5), which pertains to inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency, and Section 552a, subsection (d)(5), which pertains to information compiled in reasonable anticipation of a civil action proceeding. Therefore, your request is being administratively closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Amie M. Napier

Amie M. Napier
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

  a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
  b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# Exhibit 3



November 13, 2025

**VIA Electronic Delivery**

Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C., 20530
Via online portal

**Re: Appeal of Response to Freedom of Information Act Request #1695935-000**

Dear FOIA Officer,

We write to appeal the Federal Bureau of Investigation's ("FBI") response to our attached FOIA request, which sought the two Federal Tort Claims Act ("FTCA") claims submitted by or on behalf of President Trump. Specifically the request sought the following:

1. The Standard Form 95 or other Federal Tort Claims Act ("FTCA") claim submitted or on behalf of President Trump seeking damages for a number of purported violations of his rights, including but not limited to the FBI and special counsel investigation into Russian election tampering and possible connections to the 2016 Trump campaign.

2. The Standard Form 95 or other FTCA claim submitted by or on behalf of President Trump accusing then-attorney general Merrick B. Garland, then-FBI director Christopher A. Wray, and then-special counsel Jack Smith of "harassment" intended to sway the electoral outcome.

In its response, the FBI stated that it located material responsive to DFF's request but withheld all such material in full under 5 U.S.C. § 552(b)(5) and § 552a(d)(5), and administratively closed the request.

*See* attached response.

    I.    The FBI's reliance on Exemption 5 is improper.

Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation within the agency." 5 U.S.C. §552(b)(5). The responsive records described - namely a Standard Form 95 or other FTCA tort

claim form submitted by or on behalf of a private party (President Trump in his personal capacity while he was not even serving in government) are plainly not "inter-agency" or "intra-agency" memoranda or letters. These are claims submitted to the government, not internal deliberative communications within or between agencies.

As such, these materials fail to meet the threshold requirements for Exemption 5 applicability. Even if some portions of the FBI's internal handling or evaluation of such a claim were inter- or intra-agency in nature, the claim itself is a communication from an outside party.

II.    The Privacy Act exemption §552a(d)(5) does not justify withholding under FOIA.

The cited Privacy Act provision, §552a(d)(5), limits an individual's access to certain records about themselves, but does not create a FOIA exemption applicable to requests from the general public. Courts have made clear that Privacy Act restrictions do not supersede any agency's independent obligations under FOIA. *See Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982). Accordingly, the FBI cannot invoke §552a(d)(5) to withhold these materials in their entirety.

We ask for prompt reconsideration and production of the requested records. We appreciate your assistance and look forward to your response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 5, 2025

MS. SKYE PERRYMAN
DEMOCRACY FORWARD FOUNDATION
POST OFFICE BOX 34553
WASHINGTON, DC 20043

FOIPA Request No.: 1695935-000
Subject: President Trump Lawsuit Against
Department of Justice

Dear Ms. Perryman:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. Material responsive to your request was located regarding civil suits and/or administrative claims. This material is exempt from disclosure in its entirety pursuant to Title 5, United States Code, Section 552, subsection (b)(5), which pertains to inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency, and Section 552a, subsection (d)(5), which pertains to information compiled in reasonable anticipation of a civil action proceeding. Therefore, your request is being administratively closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

*Amie M. Napier*

Amie M. Napier
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

> a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
> b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.



October 23, 2025

**VIA Electronic Delivery**

Andrew Fiorillo
Acting Chief, Initial Request Staff
Office of Information Policy
441 G St NW, 6th Floor
Washington, DC 20530
Via Online Portal

Brian Flannigan
Chief, FOIA and Privacy Office
Civil Division
1100 L Street, NW, Room 8400
Washington, DC 20530-0001
Civil.routing.FOIA@usdoj.gov

Christina Butler
Chief, FOIA/PA Unit
Criminal Division
950 Constitution Ave., NW
Washington, DC 20530-0001
crm.foia@usdoj.gov

Dan Wagner
FOIA Contact
Justice Management Division
Room 1111 RFK,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
JMDFOIA@usdoj.gov

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States
Attorneys
175 N Street, N.E., Suite 5.400
Washington, DC 20530-0001
Via Online Portal

Michael G. Seidel, Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
200 Constitution Drive
Winchester, VA 22602
Via Online Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, Democracy Forward
Foundation submits this request for records.

President Trump is reportedly attempting to obtain $230 million in compensation for federal

investigations into him from the Department of Justice while he serves as President.[1] The matter raises grave ethical concerns both for President Trump personally and for Deputy Attorney General Todd Blanche, who previously served as Trump's personal defense attorney and may now be involved in reviewing or approving the claim. Public transparency is essential to shed light on this stunning and unprecedented potential breach of ethical safeguards.

### Records Requested

Democracy Forward Foundation ("DFF") requests that the Department of Justice ("DOJ") produce the following within twenty (20) business days:

1. The Standard Form 95 or other Federal Tort Claims Act ("FTCA") claim submitted by or on behalf of President Trump seeking damages for a number of purported violations of his rights, including but not limited to the FBI and special counsel investigation into Russian election tampering and possible connections to the 2016 Trump campaign.[2]

2. The Standard Form 95 or other FTCA claim submitted by or on behalf of President Trump accusing then-attorney general Merrick B. Garland, then-FBI director Christopher A. Wray, and then-special counsel Jack Smith of "harassment" intended to sway the electoral outcome.[3]

   Democracy Forward Foundation expects this request for a set of readily identifiable records regarding a high-profile matter will be assigned to the Simple processing track.

   This request seeks records from August 1, 2023 until the date of the search.

### Scope of Search

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.
[2] For further identifying information *see id.*
[3] *See id.*

both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the  appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

### Request for Fee Waiver

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, Democracy Forward Foundation  requests a waiver of all fees associated with processing records for this request. FOIA requires  documents to be furnished to requesters at no fee or reduced fees when "if disclosure of the  information is in the public interest because it is likely to contribute significantly to public  understanding of the operations or activities of the government and is not primarily in the  commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, see id., or whether the requester has a history of "contacts with any major news[] companies" that

suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

DFF has a demonstrated ability to disseminate information of public interest requested through FOIA, and intends to publicize records DFF receives that contribute significantly to the public's understanding in $230 million in compensation currently being pursued by President Trump from the Justice Department. When DFF obtains materials through FOIA requests that are of significant public interest, DFF's communications staff regularly works to ensure that these materials and their contents are featured in press articles educating the public about the operation of government; many articles feature additional commentary and analysis from DFF staff about those materials and their relevance to policy issues of public interest. Indeed, records received by DFF have previously formed the basis of news reports.[4]

---

[4] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019), https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019), https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on policy;
 Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019), https://www.buzzfeednews.com/article/hamedaleaziz/zero tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018), https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018), https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018), https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018), https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018), https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018), https://www.newsweek.com/ivanka-trump equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/verabergengruen/these-emails-show-what-happens-when-the-white-house keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire*

Democracy Forward Foundation is not filing this request to further any commercial interest, and any information obtained by Democracy Forward Foundation as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### *Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

*preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan zinke-interior-department-helicopters-wildfires-757857.