UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, | |
| Plaintiff, | |
| v. | Civil Action No. 25-4340 (TNM) |
| U.S. DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

## <u>ANSWER</u>

Defendants, the United States Department of Justice and the United States Department of the Treasury, by and through undersigned counsel, hereby respond to the Complaint (ECF No. 1) filed by Plaintiff Democracy Forward Foundation alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence. Any allegation of the Complaint that is not specifically admitted or otherwise directly responded to is denied. Defendants respond to the Complaint in like numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

The allegations of this unnumbered paragraph on the first page of Plaintiff's Complaint under this heading contain Plaintiff's summary of this action to which no response is required. To the extent a response to this unnumbered paragraph is required, it is admitted that this is an action brought under the FOIA by Plaintiff against Defendants, and in all other respects Defendants deny.

### JURISDICTION AND VENUE

1.      This paragraph contains conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

2.      This paragraph consists of conclusions of law regarding venue to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this district for a properly stated FOIA claim.

### PARTIES

3.      The allegations in this paragraph are Plaintiff 's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

4.      Defendants admit that the Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f) and that the Office of Information Policy ("OIP"), Civil Division ("CIV"),

---

[1]      For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

Criminal Division ("CRM"), Justice Management Division ("JMD"), Executive Office of U.S. Attorneys ("EOUSA"), and the Federal Bureau of Investigation ("FBI") are components of the Department of Justice.   Defendant Department of Justice further admits that OIP processes FOIA requests on behalf of certain of the Department of Justice's leadership offices.  The remainder of the allegations in Paragraph 4 consist of conclusions of law to which no response is required.

5.     Defendants admit that the Department of the Treasury is an agency within the meaning of 5 U.S.C. § 552(f)(1), and its headquarters is in Washington, D.C.  Defendants admit that the Bureau of Fiscal Service ("BFS") is one of the Bureaus within the Department of the Treasury.  The remainder of the allegations in Paragraph 5 consist of conclusions of law to which no response is required.

### FACTS

6.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

7.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

8.     Defendants admit that Plaintiff submitted five FOIA requests, dated October 23, 2025. Defendants respectfully refer the Court to copies of the FOIA requests for complete and accurate statements of their contents and deny any allegations inconsistent therewith.  To the extent the allegations of this paragraph state Plaintiff's intent in filing its FOIA requests, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

9.      Defendant Department of Justice's OIP, CIV, CRM, JMD, and EOUSA deny receiving Plaintiff's letter requesting expedited processing, dated November 19, 2025. Defendant Department of Justice respectfully refers the Court to the November 19, 2025, letter for a complete and accurate statements of its contents and denies any allegations inconsistent therewith. To the extent the remaining allegations in this paragraph are alleged for other purposes, Defendant Department of Justice lacks knowledge or information sufficient to form a belief about the truth of the allegations. The allegations of this paragraph are not directed to Defendant Department of Treasury, and it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

*Payments Request (OIP, CIV, CRM, JMD, Treasury's BFS)*

10.     Defendants admit that Plaintiff submitted a FOIA request dated October 23, 2025, to the Department of Justice's OIP, CIV, CRM, and JMD, and the Department of Treasury's BFS. Defendants respectfully refer the Court to a copy of the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

11.     Defendant Department of Treasury admits that BFS assigned the request tracking number 2026-FSF-00028 and denies the remaining allegations in this paragraph. The allegations of this paragraph are not directed to Defendant Department of Justice, and it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

12.     Defendant Department of Justice admits that by letter dated November 17, 2025, JMD acknowledged receipt of Plaintiff's request and assigned it FOIA tracking number 138298. Defendant Department of Justice respectfully refers the Court to the November 17, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the

content of the letter.  The allegations of this paragraph are not directed to Defendant Department of Treasury, and it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

13.    Defendant Department of Justice admits that by letter dated December 5, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it FOIA tracking number FOIA-2025-00162.  Defendant Department of Justice respectfully refers the Court to the December 5, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.  The allegations of this paragraph are not directed to Defendant Department of Treasury, and it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

14.    Defendants admit only that, as of the date the Complaint was filed, BFS and OIP have not provided any further communications regarding Plaintiff's request and lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.  Defendant Department of Justice further avers that JMD sent Plaintiff its final response to Plaintiff's October 23, 2025, FOIA request assigned FOIA tracking number 138298 on February 4, 2026.

15.    Defendant Department of Justice admits that CIV and CRM have not acknowledged Plaintiff's October 23, 2025, FOIA request.  The allegations of this paragraph are not directed to Defendant Department of Treasury, and it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

*Claims Submitted Request (OIP, CIV, CRM, EOUSA, FBI)*[2]

16-18.    Defendant Department of Justice admits that Plaintiff submitted a FOIA request dated October 23, 2025, to OIP, CIV, CRM, EOUSA, and FBI.  Defendant Department of Justice respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

19.    Defendant Department of Justice admits that by letter dated October 30, 2025, FBI acknowledged receipt of Plaintiff's request and assigned it FOIA tracking number 1695935-000. Defendant Department of Justice respectfully refers the Court to the October 30, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

20.    Defendant Department of Justice admits that by letter dated November 5, 2025, the FBI sent a letter to Plaintiff regarding a final determination on the FOIA request, and that on November 13, 2025, Plaintiff appealed the FBI's response to Department of Justice OIP. Defendant Department of Justice admits that OIP by letter dated November 20, 2025, OIP acknowledged Plaintiff's appeal and assigned it tracking number A-2026-00107, and that as of the date that the Complaint was filed, OIP has not made a final determination regarding the appeal. Defendant Department of Justice respectfully refers the Court to the cited documents for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

21.    Defendant Department of Justice admits that by letter dated November 18, 2025, EOUSA acknowledge receipt of Plaintiff's request and assigned it tracking number EOUSA-2026-

---

[2]    The allegations of the next four sections are not directed to Defendant Department of Treasury, and unless otherwise noted, it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraphs 16-36.

000043.  Defendant Department of Justice respectfully refers the Court to the November 18, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter

22.     Defendant Department of Justice admits that by letter dated December 9, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it tracking number FOIA-2026-00163. Defendant Department of Justice respectfully refers the Court to the December 9, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

23.     Defendant Department of Justice admits that, as of the date the Complaint was filed, EOUSA and OIP had not provided any further communications regarding Plaintiff's request. Defendant Department of Justice further avers that EOUSA responded to Plaintiff on December 31, 2025, stating that to process the request EOUSA would need the exact United States Attorney's office that the records would be located or the requester would like searched.

24.     Defendant Department of Justice admits that CIV and CRM have not acknowledged Plaintiff's October 23, 2025, FOIA request.

*Ethics and Recusals Request (OIP and JMD)*

25-26.     Defendant Department of Justice admits that Plaintiff submitted a FOIA request dated October 23, 2025, to Department of Justice OIP and JMD.  Defendant Department of Justice respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

27.     Defendant Department of Justice admits that by letter dated November 17, 2025, JMD acknowledged receipt of Plaintiff's request and assigned it tracking number 138299. Defendant Department of Justice respectfully refers the Court to the November 17, 2025, letter for

a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

28.    Defendant Department of Justice admits that by letter dated December 5, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it tracking number FOIA-2026-00165. Defendant Department of Justice respectfully refers the Court to the December 5, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

29.    Defendant Department of Justice admits that, as of the date the Complaint was filed, JMD and OIP had not provided any further communications regarding Plaintiff's request.

*Civil Division Communications Request*

30-31.    Defendant Department of Justice admits that Plaintiff submitted a FOIA request dated October 23, 2025, to Department of Justice CIV.  Defendant Department of Justice respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith

32.    Defendant Department of Justice admits that CIV has not acknowledged Plaintiff's October 23, 2025, FOIA request.

*OIP Communications Request*

33-34.    Department of Justice admits that Plaintiff submitted a FOIA request dated October 23, 2025, to Department of Justice OIP.  Defendant Department of Justice respectfully refers the Court to a copy of the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith

35.    Defendant Department of Justice admits that by letter dated December 11, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it tracking number FOIA-2026-

00165.  Defendant Department of Justice respectfully refers the Court to the December 11, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

36.    Defendant Department of Justice admits that, as of the date the Complaint was filed, OIP has not provided any further communications regarding Plaintiff's request.

*Exhaustion of Administrative Remedies*

37.    This paragraph consists of Plaintiff's characterization of the FOIA statute and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent with the text of the statute.

**CLAIM FOR RELIEF**

**Count 1 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(iv))**

38.    Defendants incorporate their responses to paragraphs 1-37 as if set forth fully herein.

39.    This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, insomuch as it did not receive Plaintiff's request for expedited processing, Defendants deny.

**CLAIM FOR RELIEF**

**Count 2 (Violation of FOIA, Failure to Issue Determinations and Promptly Produce Non-Exempt Records, 5 U.S.C. § 552)**

40.    Defendants incorporate their responses to paragraphs 1-39 as if set forth fully herein.

41.    This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any and all allegations of the Complaint, whether express or implied, that are not expressly admitted herein.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## THIRD DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

## FIFTH DEFENSE

Plaintiff is not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' responses to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SEVENTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under the FOIA.

**EIGHTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**NINTH DEFENSE**

Plaintiff is not entitled to expedited processing of its FOIA requests under 5 U.S.C. § 552(a)(6)(E).

**TENTH DEFENSE**

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA requests.  5 U.S.C. § 552(a)(6)(C).

**ELEVENTH DEFENSE**

To the extent Defendants have issued a final response to Plaintiff's FOIA requests, Plaintiff's claims are moot.


Dated: February 6, 2026              Respectfully submitted,
     Washington, DC

                                      JEANINE FERRIS PIRRO
                                      United States Attorney


                         By: _____ */s/ Mason D. Bracken* _____
                                      MASON D. BRACKEN
                                      Assistant United States Attorney
                                      601 D Street, NW
                                      Washington, DC 20530
                                      (202) 252-2523
                                      mason.bracken@usdoj.gov


                                      *Attorneys for the United States of America*