UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-4340 (TNM) |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's March 9, 2026, Minute Order, Plaintiff Democracy Forward Foundation and Defendants, the Department of Justice and the Department of the Treasury (collectively, the "Parties"), by and through undersigned counsel, respectfully submit the Parties' second joint status report.

This case concerns Plaintiffs' five Freedom of Information Act ("FOIA") requests for records submitted on October 23, 2025.  *See* Compl. (ECF No. 1).  The separate headings below indicate to which agency and/or Department of Justice component Plaintiff sent each FOIA request.  The Office of Information Policy ("OIP"), Civil Division ("CIV"), Criminal Division ("CRM"), Justice Management Division ("JMD"), Executive Office of U.S. Attorneys ("EOUSA"), and the Federal Bureau of Investigation ("FBI") are components of the Department of Justice.  The FOIA requests sent to the Department of the Treasury were sent to its Bureau of the Fiscal Service ("BFS").

The status of Plaintiff's FOIA requests is as follows.  Each agency and/or component reports separately below and speaks only for itself.

### I.      Processing of Plaintiff's FOIA Requests

A. *Payments Request (OIP, CIV, CRM, JMD, Treasury's BFS)*[1]

1. **OIP** reports that after internal coordination, it was determined that CIV is the DOJ component that would most likely maintain any potentially responsive records.  Therefore, OIP is intending to defer to the search conducted by CIV.  Once the CIV search is complete, OIP will coordinate with CIV and other components thereafter to ensure search adequacy.

2. **CIV** reports that it plans to send a final response to this request by May 8, 2026.

3. **CRM** reports that it has executed three searches.  CRM's searches are complete, and CRM did not locate any potentially responsive records.  CRM sent a final response letter to Plaintiff on May 7, 2026.

4. **JMD** previously reported that it sent a final response to Plaintiff on February 3, 2026.  JMD conducted a search and found no records responsive to the request.

5. **Treasury's BFS** reports that it conducted a search of its records and found no records responsive to this FOIA request.  BFS anticipates sending a final response letter to Plaintiff next week.

B. *Claims Submitted Request (OIP, CIV, CRM, EOUSA, FBI)*

1. **OIP** reports the same as it reports above in § I.A.1.

2. **CIV** reports that its search is ongoing.  CIV received 16 consultation pages from another Department of Justice component, and it has begun to review the records.

3. **CRM** reports the same it reports above in § I.A.3.

---

[1]      The Parties replicate the headings used in Plaintiff's Complaint to delineate these FOIA requests.

4. **EOUSA** reports that on March 9, 2026, Plaintiff conveyed through counsel that it believes a reasonable search would include the United States Attorneys' Offices of the Southern District of Florida, the Southern District of New York, and the District of Columbia.  Given its other FOIA work in its queue, EOUSA began its searches of those three offices' records on May 6, 2026. EOUSA anticipates that these searches will be completed on or about May 20, 2026.  Plaintiff has requested that EOUSA confer after completing its search and propose a processing schedule in the parties' next report.

5. **FBI** reports that it sent Plaintiff a response letter on April 30, 2026, indicating that 45 pages were deemed responsive and that these pages were sent to a non-party agency which has equities in the pages for its statutorily-required consultation.  FBI reports that, although it has no control over how soon the non-party agency will return these records, it has requested a response within 30 days; FBI will periodically check in on the status of the records sent for consultation.  Upon return of these pages from the non-party agency, FBI subject matter experts will need to review the pages (typically taking 30 days) before issuing a final response on these pages to the Plaintiff.

C. *Ethics and Recusals Request (OIP and JMD)*

1. **OIP** reports that it conducted an initial records search but intends to defer to JMD's search and response insomuch as the DOJ Departmental Ethics Office for senior leadership is located within JMD (as described in JMD's update, below).  Additionally, as noted below, OIP is currently processing a consultation of records from JMD.[2]

2. **JMD** reports that it conducted searches within JMD's Departmental Ethics Office.  JMD's Departmental Ethics Office is responsible for administering the Department-wide ethics program

---

[2]    It was errantly reported by the undersigned in the March 2026 Joint Status Report that OIP was deferring to CIV's search.  In fact, at the time of that status report, OIP had already begun running its own search for the *Ethics and Recusals Request.*

and for implementing Department-wide policies on ethics issues and therefore would be the custodians of the records requested.  While JMD previously reported that its ediscovery searches concluded on February 17, 2026, locating 19,847 items, after review for responsiveness, JMD has determined that there are 38 pages of potentially responsive records.  The records contain equities that concern senior leadership of the Department of Justice, so the records were sent to OIP for consultation.  JMD can respond only after consulting with OIP regarding Senior Leadership information.  *See* 28 C.F.R. § 16.4(d)(1).  JMD has requested that OIP respond to the consultation request by the end of May.  Upon return of these consultation records from OIP to JMD, JMD must still conduct its final review before issuing a final response to Plaintiff.  Plaintiff has requested that JMD process this limited volume of records for production of non-exempt portions by the time of the Parties' next report.

D.  *Civil Division Communications Request (CIV)*

1.  **CIV** reports that it has completed three searches and has located potentially responsive records for processing..  CIV anticipates issuing an interim response on this request by June 15, 2026.  CIV requested clarification from Plaintiff on the portion of the request seeking communications with the White House.  Plaintiff agreed to a certain limitation on the subject matter of the request as to the responsive communications with the White House.  The Parties discussions on this point continue.

E.  *OIP Communications Request*

1.  **OIP** reports that it has completed its initial electronic records search and has begun conducting an initial responsiveness review and deduplication of the search results returned.  OIP anticipates completing this initial responsiveness review and deduplication process in approximately six weeks, after which it will begin the initial processing of any potentially

responsive material identified.   OIP reiterates the inquiry from CIV referenced in § I.D.1 regarding Plaintiff's request for communications with the White House.  OIP intends to confer with Plaintiff, along with CIV, regarding this portion of Plaintiff's request.[3]

## II.      Request for Expedited Processing

Since the last joint status report, the Parties have had only minimal discussions on how to address the matter of Plaintiff's request for expedited processing of its FOIA requests submitted on October 23, 2025.  Plaintiff alleges that it submitted a letter on November 19, 2025, requesting expedited processing of these FOIA requests only to Defendant Department of Justice's OIP, CIV, CRM, JMD, and EOUSA.  Compl. ¶ 9.  These Department of Justice components report that they searched, and they all deny receiving Plaintiff's request for expedited processing.  Answer ¶ 9. Plaintiff has sent further materials to Defendants through counsel to support locating this request for expedited processing.  These Department of Justice components examined the latest materials Plaintiff sent.   These components continue to report that they did not receive the request for expedited processing.  Notwithstanding this, given the above updates, Defendants do not believe that the issue of expedited processing needs to be decided at this juncture.

Plaintiff notes that it believes, based on the metadata of five separate emails, that its expedited processing requests were transmitted to Defendant Department of Justice. However, given Defendants' reported progress in processing the requests at issue, Plaintiff does not believe it would be efficient to litigate its expedited processing claim at this time.

## III.      Additional Initial FOIA Matters

---

[3]      It was errantly reported by the undersigned in the March 2026 Joint Status Report that OIP was deferring to CIV's search.  In fact, at the time of that status report, OIP had already begun running its own search for the *OIP Communications Request*.

As previously reported, Defendants continue to report that they do not seek or plan to seek a stay of proceedings pursuant to 5 U.S.C. § 552(a)(6)(C), and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).  Defendants reserve the right to request such a stay at a later time.

The Parties continue to engage in discussions regarding Defendants' responses to Plaintiff's FOIA requests continue.

Considering that the Parties' discussions continue, the Parties do not at this time propose a briefing schedule on any motions.

In consideration of the foregoing, the Parties respectfully propose that the Court permit the Parties to submit another joint status report in sixty days, on July 7, 2026, updating the Court on the status of the processing of Plaintiffs' FOIA requests.

Dated: May 7, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Daniel A. McGrath*
Daniel A. McGrath (D.C. Bar No. 1531723)
Anisha Hindocha (D.C. Bar No. 1725159)
Robin Thurston (D.C. Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ahindocha@democracyforward.org
dmcgrath@democracyforward.org
rthurston@democracyforward.org
*Counsel for Plaintiff*

By:  */s/ Mason D. Bracken*
   MASON D. BRACKEN
   Assistant United States Attorney
   601 D Street, N.W.
   Washington, D.C. 20530
   Telephone: (202) 252-2523
   mason.bracken@usdoj.gov

*Attorneys for the United States of America*